IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**REGINALD YOUNG, 50081-066,**

**Petitioner,**

   **vs.**

**JAMES CROSS,**

**Respondent.**        **Case No. 13-cv-1286-DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

  This case is before the Court on petitioner's writ of habeas corpus, which he filed on December 13, 2013. Petitioner, who is an inmate in the Federal Correctional Institution in Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his conviction entered by the United States District Court for the Eastern District of Pennsylvania (Doc. 1). *See United States v. Ramirez, et al.*, Case No. 05-cr-307 (E.D. Pa. 2005). For the reasons set forth below, the petition must be **DISMISSED**.

## BACKGROUND

  Following a jury trial on June 8, 2006, petitioner was found guilty of: (1) conspiracy to distribute 500 grams or more of cocaine and 100 grams or more of heroin, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 2), and; (3) possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *United States v.*

*Ramirez, et al.*, Case No. 05-cr-00307 (E.D. Pa. 2005) (Doc. 147). Judgment was entered on April 24, 2008 (*Id.*, Doc. 246). Petitioner was sentenced to 270 months of imprisonment, along with 5 years of supervised release and a $300.00 special assessment (*Id.*).

After filing several post-trial motions, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction on November 15, 2010[1] (*Id.*, Doc. 269). Petitioner sought relief on seven grounds, which were all based on the ineffective assistance of his counsel, by arguing that: (1) trial counsel failed to object to allegedly prejudicial testimony under Federal Rule of Evidence 404(b); (2) appellate counsel failed to challenge a perceived lack of curative instructions related to allegedly prejudicial evidence; (3) trial counsel failed to make a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29 at the close of the Government's case-in-chief and after the jury's verdict was submitted; (4) trial counsel failed to challenge the sufficiency of a search warrant that law enforcement executed concurrently with his arrest; (5) trial counsel failed to properly object to a Government witness' testimony about petitioner's handwriting; (6) trial counsel failed to properly object to the authentication of crime lab reports; and (7) sentencing counsel failed to challenge an upward adjustment in the calculation of his base offense level pursuant to U.S.S.G. § 3B1.1 (*Id.*, Doc. 287, pp. 2-3). The government was ordered to respond. The petition was dismissed as frivolous on January 20, 2012 (*Id.*, Doc. 288).

---

[1] Petitioner originally filed the motion on October 20, 2010, using the wrong form (*Id.*, Doc. 266). The District Court directed him to re-file it on a standard form within thirty days, which petitioner did (*Id.*, Docs. 268-69).

**HABEAS PETITION**

In the instant matter, petitioner sets forth two grounds for relief.  First, he claims that the District Court erred when it dismissed his § 2255 petition without first holding an evidentiary hearing pursuant to 28 U.S.C. § 2255(b) (Doc. 1, pp. 6, 10-12).  Second, he claims that failure to hold the evidentiary hearing resulted in a denial of his due process rights (*Id.*).  Petitioner now seeks reconsideration of his habeas petition (Doc. 1, p. 8).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Ordinarily, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.  A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).  Federal prisoners may utilize §

2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that a petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Id.* (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d at 608). Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

In the present case, petitioner does not suggest that the charged conduct is no longer a crime. Instead, he attacks the trial court's handling of his § 2255 motion, arguing that he has been denied due process of law because the District Court failed to hold an evidentiary hearing before issuing a decision on his petition. This claim provides no basis for relief in this proceeding.

This Court does not see any error in the trial court's determination that, after receiving the government's reply, it could rule on petitioner's § 2255 motion without an evidentiary hearing. More to the point, the proper forum to raise any such alleged error is in petitioner's appeal of the dismissal of his § 2255 action. This claim does not involve any structural defect in the § 2255 procedure; therefore, it cannot be addressed under § 2241. A § 2255 proceeding will be considered inadequate only if prior binding precedent foreclosed petitioner from bringing the argument in a § 2255 motion. *Hill v. Werlinger*, 695 F.3d at 648-49 (citing *Morales v. Bezy*, 499 F.3d 668 (7th Cir. 2007). That is not the case here. Therefore, petitioner cannot use § 2241 as a vehicle for bringing his claims.

## DISPOSITION

Petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims. Consistent with *In re Davenport*, petitioner cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4).

A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $455.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 13th day of January, 2014.

Digitally signed by David R. Herndon
Date: 2014.01.13 13:06:57 -06'00'

**Chief Judge**
**U.S. District Court**